Good afternoon and may it please the court and counsel. I am Meredith DeCarlo representing Samuel Hogsett. This appeal presents a narrow question. Did Section 2 of the Fair Sentencing Act modify the statutory penalties for Hogsett's statute of conviction, possession with intent to distribute crack cocaine? The answer is yes, and I'd like to cover three points to explain why. First, the meaning of the word modified. Second, this court's precedent in Shaw and Hudson. And finally, why this court should follow the reasoning of the First and Fourth Circuits in Smith and Woodson, not the Third Circuit in Burt. On the meaning of the word modified, when Section 2 raised the threshold crack cocaine weights associated with 841B1A and B1B's penalties, it necessarily raised the weight associated with B1C's penalties. So in other words, before the Fair Sentencing Act of 2010, specified quantities of crack cocaine of up to five grams were penalized by 841B1C. Afterward, specified quantities of more than five times that amount, up to 28 grams, are penalized by B1C. And that is a modification. Next, the ordinary meaning of the word modify is a change, however slight. It is not a transformation. So if the First Step Act was intended to apply only where the text of the applicable penalty provision was modified, Congress could have said so. Similarly, if the First Step Act was concerned primarily with mandatory minimums, Congress would have indicated as much. But Section 2 is not aimed at doing away with or lowering the mandatory minimums or the applicable ranges of 5 to 40 years or 10 to life. Instead, it addresses the unfair crack-to-powder disparity. That ratio of 101 was changed to 18 to 1. That is the injustice that it addressed. Ms. DiCarlo, could I ask you to address a problem raised by the First Circuit in the Smith case in its footnote, that if one were to treat the relevant statute of conviction as 841A as a whole, this would seem to reach any other convictions for any other controlled substances as well. Absolutely, Your Honor. You think it does? No, I do not. I do not agree that that is a valid concern. And the reason is because Section 2 of the Fair Sentencing Act, which is what is doing the modifying in the First Step Act, that only changed the weights associated with crack cocaine in 841B's penalty subsections. So there really is no danger that this would apply to any other substances other than crack cocaine. Well, the First Circuit's reasoning would seem to reach that. Can I ask you, as I look at these statutes, it's a little hard for me to see any statutory penalties having been modified under A, B, or C. All those penalty provisions stayed untouched. What was changed were the thresholds. Yes, Your Honor. And in fact, that is how this court in Shaw, as well as the Fourth Circuit in Woodson, has described what is meant by the modification to the statutory penalties. There is a recognition that when Congress said modification or modified the statutory penalties is referring to the change in those threshold quantity weights. They didn't quite say clearly what it was they wanted to do. I think everybody seems to agree that A and B are reached by the First Step Act. But to do that, you've got to bend the text a little bit. Well, I would disagree that you have to bend the text because, again, as I said, if Congress had intended to limit Section 2 only to B1A and B1B, it could have said so. It could have said the text of the statutory penalties of which was modified instead of saying the statutory penalties of which were modified. And those offenses between the quantities of 5 to 28 grams, before 2010, it was penalized under B1B. After 2010, it was penalized under B1C. They didn't just evaporate or cease to be penalized in some way. They came within the ambit of B1C. And under Shaw and Hudson, the inquiry is whether that statute, the penalties of that statute of conviction were changed, not what happened to individual defendants in some hypothetical where first they're convicted before 2010. And then, you know, what would have happened with their conduct with the quantity with which they were charged after 2010. And Shaw doesn't say anything about whether C was modified, right? Shaw does not speak to whether C was modified. That's correct. But under the ordinary meaning of the word modified, again, a transformation is not required. It is a change, however slight. And when Congress raised that ceiling, pardon me, when it raised the floor on B1B, it also necessarily raised the ceiling on specified quantities for B1C. And so it modified the penalties under B1B as a whole. Pardon me, under 841B1 as a whole for crack cocaine. Speaking, picking up on Shaw, in Shaw, this court said that to determine whether a defendant is eligible for a reduced sentence under the First Step Act, a court needs to look only at the defendant's statute of conviction, not to the quantities of crack involved in the offense. And in adopting that straightforward categorical approach, the court rejected the government's position that courts should instead look at each defendant's conduct to determine whether they are eligible for the review allowed by the First Step Act. The government seeks to relitigate that issue here, arguing that the court should look to whether individual defendants sentenced before 2010 would be subject to the same penalty subsection now. And that is the effect test that is laid out in Burt in the Third Circuit, and it would mark a departure from what this court said in Shaw. It is also not what the First Step Act instructs. Following on Shaw, this court decided Hudson, and Hudson underscores the importance of not imposing those extra textual limitations on the First Step Act's applicability, such as the mandatory minimum issue raised by the government in this case, or the elements issue. Hudson also explained. Mr. Quickly, whether how much this might help Mr. Hark said individually, given his sentences on the two gun charges in the Armed Career Criminal Act in the 924 C. Absolutely, Your Honor. And this, the district court may or may not exercise its discretion to reduce Mr. And the reduction in the unfair disparity between powder and crack cocaine sentences. And as this court indicated in Hudson, his entire sentence package may be evaluated by the district court on remand. And all that Mr. Hark said is asking for is that opportunity for review. Thank you. If there are no further questions, I, I would, I see him close to my time and I would reserve the remainder of my time for rebuttal. Thank you.  Mr. Reed. Judges and may it please the court. Peter read for the United States. I'd like to start by addressing Judge Kane's questions about Shaw, and then address Judge Hamilton's questions about the text before finishing up by addressing the Fourth Circuit's arguments in Woodson and how Woodson's reasoning is contrary to this court's precedent. First, with Shaw, Shaw explained that when analyzing whether there is a covered offense, you first identify the statute of conviction and second, determine whether the statutory penalties for that crack cocaine statute were later modified by the Fair Sentencing Act. As Judge Kane pointed out, that decision did not involve B1C, but this case does. And when we identify B1C as the statute that we're talking about, the rest falls into place. The Fair Sentencing Act did not modify 841B1C, and it certainly didn't modify the statutory penalties for 841B1C offenses. There is not a single instance. Did it modify the penalties for A and B? Yes, Your Honor, I think it did. And this is the way you look at it. And Shaw explains this. You first identify the statute of conviction. If your statute of conviction were 841A, then your statutory penalties are going to be different before and after 2010, right? No, they're exactly the same. The language is, Your Honor, respectfully, the language is the same. But if you identify the pre-2010 version of B1A as the statute of conviction, then the statutory penalties have been modified. Some 841 offenses are post-2010 subject to different statutory penalties. And the same is true under B1B. All right. Did you just say some 841A violations are subject to different penalties? I apologize. 841B1A offenses. So if 841B1A was your statute of conviction prior to 2010, then your sentencing range, your statutory penalties have changed. It's possible that you'll be subject to a different statutory penalty. Well, but only by changing the statute of conviction. I don't mean to quibble, but my problem is we're always being told to pay such close attention to statutory text. Sure. And if I were to do that closely here, I would conclude that the first step act had no effect on A or B or C because the penalty provisions remain the same. Now, that's obviously a wrong answer, but it's a wrong answer to correct it. I have to spend a little time getting beyond the text and thinking about what was it that Congress was trying to get at. So what was Congress trying to get at here? Your Honor, I think that Shaw's framework helps us answer that question. What Congress is getting at is there are some statutes, there are some crack cocaine offenses that were subject to different statutory penalties before and after 2010. Again, if you committed an 841B1A or B1B crack cocaine offense, your statutory penalties may be different. And that's why you get resentencing under the first step act. And I say that your statutory penalties might be different, and I understand, Your Honor, what you're saying about the text of the statutory penalties remaining the same. But by changing the drug quantity in B1A and B1B, you've changed the statutory penalty that those offenses would be subject to. The same is not true for B1s. Sorry, go ahead. You've changed the content of the conduct to which that statute can be applied, but you haven't changed the penalties. But you see my point, and I'll not belabor it unduly. Right, Your Honor. And I think we both understand that the statutory penalties B1A and B1C is the same mandatory minimum in B1A. It's still the same there. But what's different is that when you move down to B1C, if you were convicted under B1C, your statutory penalties have not changed. It's subject to the same statutory penalties before and after the Fair Sentencing Act. And I think that's the fundamental difference between the B1A and B1B offenses that Shaw was looking at and the B1C offense that we're looking at in this case. As the Third Circuit said in Burt, there is not a single instance in which someone who was convicted under B1C prior to 2010 would have faced different statutory penalties before and after passage of the Fair Sentencing Act. Not a single one. And the reason for this is pretty simple. B1C statutory penalties, there's no mandatory minimum. There's no way for Congress to have modified down the statutory penalties under B1C because the minimum was already zero. So unlike A and B where there was room to move down, there was no room to move down as to the statutory penalties at least for B1C offenses. Would you agree with the point that I think the Fourth Circuit made in Woodson to the effect that, in essence, before the Fair Sentencing Act, A, B, and C, in essence, worked together to apply a ladder of penalties for crack crimes. And that really the whole ladder was affected by the two new statutes, the Fair Sentencing Act and then the First Step Act. Your Honor, I would disagree with Woodson's analysis for two reasons, both based off of this court's precedent. The first is that unlike the Fourth Circuit, the Seventh Circuit has said that there is no quantity element in B1C. And so while it is true that the quantity, that there's an ascending quantity from C to B to A, you don't have to prove any quantity element for a B1C offense. And that's fundamentally different. Does the Fourth Circuit disagree with that? I don't know what the Fourth Circuit's precedent is on that particular point. But I know this court in Shaw described the quantity element as any, not 0 to 28 grams under B1C. And I think that reflects this court's precedent from the early 2000s in Jones and Mikado, which said, look, you don't need to prove drug quantity under B1C. So I don't think it's quite right to say that B1C is modified in that kind of ladder-like fashion because that's not the way this court has read B1C in the past. And the second reason, Your Honor, that I think the Fourth Circuit's reasoning errs is even if you think that the drug quantity element in C has also been modified, that doesn't really answer the question that we're asking here today, which is if B1C was your statute of conviction, has your penalty changed? And the answer is no. To be sure, if your statute of conviction were 841B1A or B1B, your statutory penalty has changed before and after 2010, but it's not the same for B1C. For B1C, if that was your statute of conviction before 2010, then your statutory penalties are exactly the same before and after 2010. Nothing has changed because B1C is already at a zero mandatory minimum or a zero statutory minimum. With my remaining time, I'd like to address a question about the First Circuit's alternative argument, which is that B1C does not have to be modified at all. I think that this is simply incorrect. You have to have a modification to B1C's statutory penalties in order for there to be a covered offense. And there are two reasons for this. The first is that if B1 alone is considered the statute of conviction, that statute covers all sorts of different drug offenses. You have to look at the specific provision in B1 to determine whether there's really been a modification in Section 2. And I think opposing counsel agreed with this in her response to the same question, because when you look at Section 2 of the Fair Sentencing Act, it modified provisions in B1. And you have to determine whether those provisions, the ones that were modified in Section 2, are actually implicated by the statute of conviction in this case. And the answer is no. The Fair Sentencing Act modified B1A and B1B. It did not modify B1C, either by changing its text or indirectly. The statutory penalties in B1C for B1C offenses remains the same before and after 2010. If the Court has no further questions, I would urge it to affirm. Thank you, Mr. Reed. Mr. DeCarlo? Ms. DeCarlo? Yes, sorry. Thank you, Your Honors. I had to unmute myself. I'd like to pick up where the government left off, which is on what is exactly Mr. Hogsett's statute of conviction. And it doesn't make sense to say that it is 841B1C alone. Mr. Hogsett was convicted of violating 841A1, which prescribes the unlawful act of possession with intent to distribute a controlled substance, as penalized by 841B1C. And that tracks with the language of the First Step Act, which talks about a violation of a federal criminal statute, the statutory penalties of which were modified by Section 2 or Section 3. Next, I'd like to address a question, Judge Hamilton, that you had raised about what Congress was trying to get at. And I think on that point, it's helpful to look at the titles of both Section 2 and Section 3 in the Fair Sentencing Act. Section 2 is titled, Cocaine Sentencing Disparity Reduction. Section 3 is titled, Elimination of Mandatory Minimum Sentence for Simple Possession. So Section 2 is concerned with the unfair crack-to-powder disparity, that ratio of 100 to 1. It is not, like Section 3, concerned primarily with mandatory minimums. Finally, the government's insistence that there is something in either of these acts about the elements of the offense is simply wrong, and that is not found in the text anywhere. I see that my time has expired, so I would ask this Court to vacate the District Court's order and remand with instructions to determine whether to exercise its discretion to impose a reduced sentence under the First Step Act. Thank you. Thank you, Mr. Carter. Thanks to both counsel. The case will be taken under advisement, and the Court will be in recess.